# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8236 | **DATE** | 11/4/2003 |
| **CASE TITLE** | S.E.C. vs. SANTOS, ET AL | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Motion (4-1 and 5-1) to dismiss is denied. Enter memorandum opinion and order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | | |
| | No notices required. | | | number of notices | | |
| | Notices mailed by judge's staff. | | | | | |
| | Notified counsel by telephone. | | | NOV 1 0 2003 | | |
| ✓ | Docketing to mail notices. | | | | | 14 |
| | Mail AO 450 form. | | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | | |
| DW | courtroom deputy's initials | | | date mailed notice | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | | |

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

    v.

MIRIAM SANTOS, PETER J. BURNS, and
MICHAEL F. HOLLENDONER,

    Defendants.

No. 02 c 8236
Judge James B. Zagel

**DOCKETED**

NOV 1 0 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff, Securities Exchange Commission, has filed a Complaint against Miriam Santos,

Peter J. Burns, and Michael F. Hollendoner alleging securities fraud under Section 10(b) of the

Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. Defendants, Burns

and Hollendoner, now move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for

failing to state a claim upon which relief may be granted and Fed. R. Civ. P. 9(b) for failing to

plead fraud with particularity.

The facts alleged in the Complaint are as follows. Miriam Santos, then City Treasurer

("Treasurer") of the City of Chicago, was responsible for overseeing the investment, through the

purchase and sale of securities, of approximately two and one half billion dollars in City funds.

Investments by the Treasurer's Office were supposed to be allocated pursuant to a competitive

bidding process. In May of each year, the City would investigate and approve broker-dealers

who submitted and returned a Request for Proposal ("RFP") to the City. The RFP included a

provision that required the firm to comply with the Chicago Municipal Code, which contained a

prohibition against exchanging value for official influence. Once a broker-dealer was authorized

to do business with the City, he was then allowed to submit his firm's daily investments rates to the Treasurer's Office. According to the terms of the competitive bidding process, the Treasurer would then invest any available City funds with the broker-dealer offering the best daily rate. Burns and Hollendoner were registered representatives of authorized broker-dealers.

From 1995 to 1999, Santos, Burns, and Hollendoner were allegedly involved in a scheme to defraud the City. During that time, Santos directly and indirectly demanded illegal cash payments and campaign donations from Burns and Hollendoner in exchange for the City's investment business. In one instance, Santos demanded that defendants purchase $7,500 worth of office furniture for her campaign headquarters. Burns and Hollendoner complied with Santo's demands and thus remained two of the City's top broker-dealers. Also during that time, Santos refused to give any business to brokerage firms who did not make the payments she requested.

In deciding a motion to dismiss, all well-pleaded factual allegations in the complaint must be accepted as true, and all reasonable inferences from those facts must be drawn in the light most favorable to the plaintiff. *Szumny v. American Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Id.*

**Section 10(b) of the Federal Securities Laws**

Burns and Hollendoner argue that the SEC fails in three ways to state a claim under Section 10(b) of the federal securities law as well as Rule 10b-5 promulgated thereunder.

2

## 1. Rules 10b-5(a) and (c): Duty to Disclose

Burns and Hollendoner say they had no duty to disclose the alleged illegal payments under Rules 10b-5(a) and (c). To support this contention, Burns and Hollendoner cite to *Chiarella v. U.S.*, 445 U.S. 222, 228 (1980) and argue that fraud liability under Rule 10b-5 does not attach for failure to disclose material information unless a party is under a duty to do so.

Burns and Hollendoner's reliance on *Chiarella* is misplaced. In that case, the Court decided on the question of whether one who learns from confidential documents of an impending corporate takeover violates § 10(b) if he fails to disclose his knowledge before trading in the target company's securities. The issue, therefore, was whether the non-disclosure itself constituted a violation of subsections (a) and (c) of Rule 10b-5.

In this case, the SEC alleges that Burns and Hollendoner participated in a "scheme to defraud" and engaged in "practices" that "operated" to deceive the City. These allegations satisfy the plain language of Rule 10b-5(a) and (c). Here, the violation (the scheme to defraud) itself attaches liability. Therefore, I find the Complaint property alleges a cause of action under subsection (a) and (c) of Rule 10b-5.

## 2. Rule 10b-5(b): Material Misrepresentations or Omissions

Burns and Hollendoner contend that the Complaint alleges no statement by either defendant which is false and no statement which is misleading due to an omission of a material fact, as required by Rule 10b-5(b). Burns and Hollendoner are incorrect. The complaint does allege that Burns and Hollendoner, through their brokerage firms, did make express statements to the City that omitted reference to their fraudulent scheme. These express statements were in the

form of RFPs given by Burns and Hollendoner's brokerage firms to the City in order to qualify as a City broker. (Compl. ¶ 14).

Additionally, Burns and Hollendoner's violations of subsections (a) and (c) of Rule 10b-5 "creates an independent duty to disclose. Failure to do so thus gives rise to a violation of Rule 10b-5(b)." *In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp.2d 281, 381-82 (S.D.N.Y. 2003). Burns and Hollendoner's attempt to distinguish this case by arguing *In re Initial Pub. Offering Sec. Litig.* is limited to market manipulation, is unpersuasive. Although the defendant's violation in that case was related to market manipulation, the district court's reasoning supports the conclusions that the rule is not so limited. The court reasons, "…participants in the securities market are entitled to presume that all of the actors are behaving legally; silence that conceals *illegal activity* is therefore intrinsically misleading and (presuming the illegality is also material) is always violative of Rule 10b-5(b). *Id.* at 382 (emphasis added). Therefore, I find the Complaint properly alleges a cause of action under subsection Rule 10b-5(b).

### 3. Section 10(b): Connection with the Purchase or Sale of Securities

Section 10(b) requires that a fraudulent device or scheme be "used or employed, in connection with the purchase or sale of any security…." 17 U.S.C. § 78j(b). Rule 10b-5 also requires a connection with the purchase or sale of securities. 17 C.F.R. § 240.10b-5. The Supreme Court has adopted a broad reading of the "in connection with" test, reasoning that "the statute should be construed 'not technically and restrictively, but flexibly to effectuate its remedial purposes.'" *SEC v. Zandford*, 535 U.S. 813, 819 (2002) (quoting SEC v. Capital Gains Research Bureau, Inc., 375 U.S. 180, 195 (1963)). In *Zandford*, the Court found that a fraudulent

scheme that coincided with the sale of securities satisfied the "in connection with" requirement of Rule 10(b). *Zandford*, 535 U.S. at 825.

Burns and Hollendoner argue that since the SEC has not alleged any fraudulent practices with respect to the securities transactions themselves, "the in connection with" requirement has not been met. However, as was pointed out by the Court in *Zandford*, the "in connection with" requirement is met where the defendant engages in a scheme to defrauds his client even though the related securities transactions were completely legitimate. *Id.* In this case, Burns and Hollendoner allegedly made illegal payments to Santos to secure the City's investment business, invested the City money allocated to them by Santos, and made commissions on those investments. Burns and Hollendoner's alleged fraudulent payment scheme, thus, directly coincided with the security transactions made on behalf of the City. Therefore, I find the Complaint properly alleges that Burns and Hollendoner's improper payment scheme was "in connection with" the purchase or sale of securities.

**Rule 9(b): Pleading the Fraudulent Scheme with Particularity**

Lastly, Burns and Hollendoner contend the Complaint should be dismissed for failure to plead fraud with the particularity required by Fed. R. Civ. P. 9(b). Rule 9(b) requires a complaint to allege the "who, what, when, where, and how of the fraud." *SEC v. Sys. Software Assocs., Inc.*, 145 F.Supp. 2d 954, 957 (N.D. Ill. 2001).

Paragraph 22 of the Complaint clearly meets the particularity requirement. It details when the improper payment was made (in or about March 1998), by whom it was made (Burns and Hollendoner), and how it was paid (through Santos's first deputy). The complaint further specifies (i) when other brokers were pressured by Santos for payments; (ii) when they declined;

and (iii) how this caused Santos to cut them off from the City's security investments. Compl. ¶ 23-27.

Burns and Hollendoner argue that each security transaction has not been separately identified, that specific dates for each transaction have not been stated, and that the Complaint does not distinguish between the conduct of Burns and Hollendoner. These particulars, however, are not necessary to provide them with fair notice of this particular fraud, but are evidentiary matters appropriate for discovery and trial. See *SEC v. Feminella*, 947 F. Supp. 722, 733 (S.D.N.Y. 1996); *Dunham v. Independence Bank of Chicago*, 629 F. Supp. 983, 987 (N.D. Ill. 1986) (Rule 9(b) motion denied where plaintiffs alleged "the range of dates" on which the fraud occurred because "[n]o pleading need set out the detailed evidence plaintiffs would use to support the claim at a later date"); *Onesti v. Thomson McKinnon Secur., Inc.*, 619 F. Supp. 1262, 1264 (N.D. Ill. 1985) ("Plaintiffs cannot be expected to specify the exact time and particular place of each factual omission and misrepresentation'" complaint complied with Rule 9(b) by specifying the "approximate time frame" of the transactions).

Moreover, when information giving rise to securities fraud is exclusively held by defendants, the particularity requirement of Rule 9(b) is relaxed. See *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 142 F.3d 1041, 1051 (7th Cir. 1998); see also *Reshal Assoc., Inc. v. Long Grove Trading Co.*, 754 F. Supp. 1226, 1231 (N.D. Ill. 1990) (plaintiff is required to distinguish among defendants "to the extent that they may reasonably be expected to be able to do so," but the complaint need not attribute specific acts to specific defendants "if the complaint sufficiently describes the fraudulent acts and provides the individuals with sufficient information to answer the allegations"). To the extent details are not alleged in the complaint, Burns, Hollendoner, and

Santos have exclusive control over those precise facts surrounding the fraudulent scheme. For these reasons, I find the Complaint meets the pleading requirement of Fed. R. Civ. P. 9(b).

For the aforementioned reasons, Burns and Hollendoner's Motion to Dismiss is DENIED.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: 4 Nov 2003

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8236 | **DATE** | 11/4/2003 |
| **CASE TITLE** | S.E.C. vs. SANTOS, ET AL | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   **Motion (4-1 and 5-1) to dismiss is denied.  Enter memorandum opinion and order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| DW | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

        v.

MIRIAM SANTOS, PETER J. BURNS, and
MICHAEL F. HOLLENDONER,

        Defendants.

No. 02 c 8236
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff, Securities Exchange Commission, has filed a Complaint against Miriam Santos,

Peter J. Burns, and Michael F. Hollendoner alleging securities fraud under Section 10(b) of the

Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. Defendants, Burns

and Hollendoner, now move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for

failing to state a claim upon which relief may be granted and Fed. R. Civ. P. 9(b) for failing to

plead fraud with particularity.

The facts alleged in the Complaint are as follows. Miriam Santos, then City Treasurer

("Treasurer") of the City of Chicago, was responsible for overseeing the investment, through the

purchase and sale of securities, of approximately two and one half billion dollars in City funds.

Investments by the Treasurer's Office were supposed to be allocated pursuant to a competitive

bidding process. In May of each year, the City would investigate and approve broker-dealers

who submitted and returned a Request for Proposal ("RFP") to the City. The RFP included a

provision that required the firm to comply with the Chicago Municipal Code, which contained a

prohibition against exchanging value for official influence. Once a broker-dealer was authorized

to do business with the City, he was then allowed to submit his firm's daily investments rates to the Treasurer's Office. According to the terms of the competitive bidding process, the Treasurer would then invest any available City funds with the broker-dealer offering the best daily rate. Burns and Hollendoner were registered representatives of authorized broker-dealers.

From 1995 to 1999, Santos, Burns, and Hollendoner were allegedly involved in a scheme to defraud the City. During that time, Santos directly and indirectly demanded illegal cash payments and campaign donations from Burns and Hollendoner in exchange for the City's investment business. In one instance, Santos demanded that defendants purchase $7,500 worth of office furniture for her campaign headquarters. Burns and Hollendoner complied with Santo's demands and thus remained two of the City's top broker-dealers. Also during that time, Santos refused to give any business to brokerage firms who did not make the payments she requested.

In deciding a motion to dismiss, all well-pleaded factual allegations in the complaint must be accepted as true, and all reasonable inferences from those facts must be drawn in the light most favorable to the plaintiff. *Szumny v. American Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Id.*

**Section 10(b) of the Federal Securities Laws**

Burns and Hollendoner argue that the SEC fails in three ways to state a claim under Section 10(b) of the federal securities law as well as Rule 10b-5 promulgated thereunder.

## 1. Rules 10b-5(a) and (c): Duty to Disclose

Burns and Hollendoner say they had no duty to disclose the alleged illegal payments under Rules 10b-5(a) and (c). To support this contention, Burns and Hollendoner cite to *Chiarella v. U.S.*, 445 U.S. 222, 228 (1980) and argue that fraud liability under Rule 10b-5 does not attach for failure to disclose material information unless a party is under a duty to do so.

Burns and Hollendoner's reliance on *Chiarella* is misplaced. In that case, the Court decided on the question of whether one who learns from confidential documents of an impending corporate takeover violates § 10(b) if he fails to disclose his knowledge before trading in the target company's securities. The issue, therefore, was whether the non-disclosure itself constituted a violation of subsections (a) and (c) of Rule 10b-5.

In this case, the SEC alleges that Burns and Hollendoner participated in a "scheme to defraud" and engaged in "practices" that "operated" to deceive the City. These allegations satisfy the plain language of Rule 10b-5(a) and (c). Here, the violation (the scheme to defraud) itself attaches liability. Therefore, I find the Complaint property alleges a cause of action under subsection (a) and (c) of Rule 10b-5.

## 2. Rule 10b-5(b): Material Misrepresentations or Omissions

Burns and Hollendoner contend that the Complaint alleges no statement by either defendant which is false and no statement which is misleading due to an omission of a material fact, as required by Rule 10b-5(b). Burns and Hollendoner are incorrect. The complaint does allege that Burns and Hollendoner, through their brokerage firms, did make express statements to the City that omitted reference to their fraudulent scheme. These express statements were in the

3

form of RFPs given by Burns and Hollendoner's brokerage firms to the City in order to qualify as a City broker. (Compl. ¶ 14).

Additionally, Burns and Hollendoner's violations of subsections (a) and (c) of Rule 10b-5 "creates an independent duty to disclose. Failure to do so thus gives rise to a violation of Rule 10b-5(b)." *In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp.2d 281, 381-82 (S.D.N.Y. 2003). Burns and Hollendoner's attempt to distinguish this case by arguing *In re Initial Pub. Offering Sec. Litig.* is limited to market manipulation, is unpersuasive. Although the defendant's violation in that case was related to market manipulation, the district court's reasoning supports the conclusions that the rule is not so limited. The court reasons, "...participants in the securities market are entitled to presume that all of the actors are behaving legally; silence that conceals *illegal activity* is therefore intrinsically misleading and (presuming the illegality is also material) is always violative of Rule 10b-5(b). *Id.* at 382 (emphasis added). Therefore, I find the Complaint properly alleges a cause of action under subsection Rule 10b-5(b).

### 3. Section 10(b): Connection with the Purchase or Sale of Securities

Section 10(b) requires that a fraudulent device or scheme be "used or employed, in connection with the purchase or sale of any security...." 17 U.S.C. § 78j(b). Rule 10b-5 also requires a connection with the purchase or sale of securities. 17 C.F.R. § 240.10b-5. The Supreme Court has adopted a broad reading of the "in connection with" test, reasoning that "the statute should be construed 'not technically and restrictively, but flexibly to effectuate its remedial purposes.'" *SEC v. Zandford*, 535 U.S. 813, 819 (2002) (quoting SEC v. Capital Gains Research Bureau, Inc., 375 U.S. 180, 195 (1963)). In *Zandford*, the Court found that a fraudulent

4

scheme that coincided with the sale of securities satisfied the "in connection with" requirement of Rule 10(b). *Zandford*, 535 U.S. at 825.

Burns and Hollendoner argue that since the SEC has not alleged any fraudulent practices with respect to the securities transactions themselves, "the in connection with" requirement has not been met. However, as was pointed out by the Court in *Zandford*, the "in connection with" requirement is met where the defendant engages in a scheme to defrauds his client even though the related securities transactions were completely legitimate. *Id.* In this case, Burns and Hollendoner allegedly made illegal payments to Santos to secure the City's investment business, invested the City money allocated to them by Santos, and made commissions on those investments. Burns and Hollendoner's alleged fraudulent payment scheme, thus, directly coincided with the security transactions made on behalf of the City. Therefore, I find the Complaint properly alleges that Burns and Hollendoner's improper payment scheme was "in connection with" the purchase or sale of securities.

**Rule 9(b): Pleading the Fraudulent Scheme with Particularity**

Lastly, Burns and Hollendoner contend the Complaint should be dismissed for failure to plead fraud with the particularity required by Fed. R. Civ. P. 9(b). Rule 9(b) requires a complaint to allege the "who, what, when, where, and how of the fraud." *SEC v. Sys. Software Assocs., Inc.*, 145 F.Supp. 2d 954, 957 (N.D. Ill. 2001).

Paragraph 22 of the Complaint clearly meets the particularity requirement. It details when the improper payment was made (in or about March 1998), by whom it was made (Burns and Hollendoner), and how it was paid (through Santos's first deputy). The complaint further specifies (i) when other brokers were pressured by Santos for payments; (ii) when they declined;

5

and (iii) how this caused Santos to cut them off from the City's security investments. Compl. ¶ 23-27.

Burns and Hollendoner argue that each security transaction has not been separately identified, that specific dates for each transaction have not been stated, and that the Complaint does not distinguish between the conduct of Burns and Hollendoner. These particulars, however, are not necessary to provide them with fair notice of this particular fraud, but are evidentiary matters appropriate for discovery and trial. See *SEC v. Feminella*, 947 F. Supp. 722, 733 (S.D.N.Y. 1996); *Dunham v. Independence Bank of Chicago*, 629 F. Supp. 983, 987 (N.D. Ill. 1986) (Rule 9(b) motion denied where plaintiffs alleged "the range of dates" on which the fraud occurred because "[n]o pleading need set out the detailed evidence plaintiffs would use to support the claim at a later date"); *Onesti v. Thomson McKinnon Secur., Inc.*, 619 F. Supp. 1262, 1264 (N.D. Ill. 1985) ("Plaintiffs cannot be expected to specify the exact time and particular place of each factual omission and misrepresentation"' complaint complied with Rule 9(b) by specifying the "approximate time frame" of the transactions).

Moreover, when information giving rise to securities fraud is exclusively held by defendants, the particularity requirement of Rule 9(b) is relaxed. See *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 142 F.3d 1041, 1051 (7th Cir. 1998); see also *Reshal Assoc., Inc. v. Long Grove Trading Co.*, 754 F. Supp. 1226, 1231 (N.D. Ill. 1990) (plaintiff is required to distinguish among defendants "to the extent that they may reasonably be expected to be able to do so," but the complaint need not attribute specific acts to specific defendants "if the complaint sufficiently describes the fraudulent acts and provides the individuals with sufficient information to answer the allegations"). To the extent details are not alleged in the complaint, Burns, Hollendoner, and

Santos have exclusive control over those precise facts surrounding the fraudulent scheme. For these reasons, I find the Complaint meets the pleading requirement of Fed. R. Civ. P. 9(b).

For the aforementioned reasons, Burns and Hollendoner's Motion to Dismiss is DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: 4 Nov 2003